# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
02/08/2022
CT Log Number 541031307

**TO:** Kevin Coombs, Controller
HireVue Inc.
10876 S River Front Pkwy Ste 600
South Jordan, UT 84095-5929

**RE:** **Process Served in Delaware**

**FOR:** HireVue, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kristen Deyerler, Indivdually and On behalf of all similarly situated individuals vs. Hirevue Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2022CH00719 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/08/2022 at 08:55 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**             Tue, Feb 8, 2022

**Server Name:**      Kevin Dunn

| Entity Served | HIREVUE, INC. |
|---|---|
| Case Number | 2022-CH-00719 |
| Jurisdiction | DE |



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 2

FILED DATE: 2/1/2022 9:01 AM 2022CH00719

FILED
2/1/2022 9:01 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00719
Calendar, 2
16520511

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

KRISTEN DEYERLER, on behalf of a class,

_____
                                    Plaintiff(s)

                    v.

HIREVUE, INC.

_____
                                    Defendant(s)

HIREVUE, INC.
c/o THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER 1209 ORANGE ST
WILMINGTON. DE 19801
_____
                    Address of Defendant(s)

Case No.     2022-CH-00719

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ⦿ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

- Atty. No.: 56618

  Pro Se 99500

Name: McGuire Law, P.C.

Atty. for (if applicable):

Plaintiff

Address: 55 West Wacker Drive, 9th Floor

City: Chicago

State: IL   Zip: 60601

Telephone: (312)-893-7002

Primary Email: dgerbie@mcgpc.com

Witness date _____

2/1/2022 9:01 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

Service by Certified Mail

Date of Service: _____
(To be inserted by officer on copy left with defendant or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 2/1/2022 9:01 AM   2022CH00719

FILED DATE: 2/1/2022 9:01 AM  2022CH00719

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

Hearing Date: 6/2/2022 10:00 AM
Location: Court Room 2601
Judge: Mitchell, Raymond W.

FILED
1/27/2022 10:52 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00719
Calendar, 2
16465585

**12-Person Jury**

FILED DATE: 1/27/2022 10:52 AM   2022CH00719

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| KRISTEN DEYERLER, individually and on behalf of all similarly situated individuals, | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| HIREVUE INC., a Delaware corporation, | ) ) ) |
| *Defendant.* | ) ) |

No. **2022CH00719**

Hon.

**Jury Trial Demanded**

### CLASS ACTION COMPLAINT

Plaintiff Kristen Deyerler, individually and on behalf of all similarly situated individuals,

brings this Class Action Complaint against Defendant HireVue Inc. ("Defendant") for its

violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and

to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on

personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information

and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.     BIPA defines a "biometric identifier" as any personal feature that is unique to an

individual, including facial scans, fingerprints and voiceprints. "Biometric information" is any

information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS

§ 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.     This case concerns the misuse of individuals' biometrics by Defendant, an online

"video interview" platform powered by its algorithmic assessment software. Using biometric

1

· FILED DATE: 1/27/2022 10:52 AM   2022CH00719

enabled technology, Defendant is capturing, collecting, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to assess a potential job candidate through artificial intelligence.

3.     BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1)   inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2)   inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3)   receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>

(4)   publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4.     Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5.     Defendant's biometrically-enabled software works by extracting biometric information from job candidates, typically through facial geometry scanning and tracking subsequently using the same for AI-powered candidate screening purposes. Defendant's software also results in the dissemination of biometrics to third parties, such as data storage vendors.

6. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's state privacy rights.

9. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages under BIPA to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10. Defendant HireVue Inc. is a Delaware corporation that conducts business throughout Illinois, including in Cook County.

11. At all relevant times, Plaintiff Kristen Deyerler has been a resident of Cook County, Illinois and citizens of the state of Illinois.

## JURISDICTION AND VENUE

12. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States,

FILED DATE: 1/27/2022 10:52 AM  2022CH00719

because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant unlawfully collected, possessed and stored Plaintiff's biometrics as a result of its artificial intelligence job interview software in Illinois.

13.     Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County, Illinois, and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County, Illinois.

## FACTUAL BACKGROUND

14.     HireVue is a hiring service company that uses an algorithm to assess job applicant's qualifications based on various facial characteristics via an automated video interview platform.

15.     HireVue's customers are prospective employers looking to fill job openings.

16.     HireVue states that there are "thousands of data points" in each job candidate's recorded video interview, which HireVue collects and uses to assesses the candidate's cognitive ability, personality traits, emotional intelligence, and social aptitude.[1]

17.     According to Hirevue facial expressions can make up 29 percent of a candidate's employability score.[2]

18.     In order to identify and assess candidates' facial expressions HireVue collects and uses facial geometry.

19.     Facial geometry and the biometric information derived from same is exactly the type of information regulated by BIPA.

---

[1] https://hrlens.org/wp-content/uploads/2019/11/The-Next-Generation-of-Assessments-HireVue-White-Paper.pdf
[2] https://www.washingtonpost.com/technology/2019/10/22/ai-hiring-face-scanning-algorithm-increasingly-decides-whether-you-deserve-job/ <last accessed January 13, 2022>

4

FILED DATE: 1/27/2022 10:52 AM   2022CH00719

FILED DATE: 1/27/2022 10:52 AM 2022CH00719

20.    In violation of BIPA, HireVue failed to inform the job candidates, including Plaintiff, that their biometrics were being collected, captured, received through trade, or otherwise obtained when they interacted with Defendant's automated job interview platform and failed to obtain any consent from them to do so as required by 740 ILCS 14/15(b).

21.    Similarly, in violation of 740 ILCS 14/15(a) HireVue did not have a publicly available biometric retention policy that disclosed how long it is stored the biometrics it collected.

22.    Defendant also unlawfully profited from the facial geometry biometrics it obtained from its clients, including Plaintiffs and the other Class members, as Defendant was paid by its clients for its use of its biometric software through its technology in violation of 740 ILCS 14/15(c).

23.    To this day, Plaintiff is unaware of the status of her biometrics obtained by Defendant.

24.    By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

**FACTS SPECIFIC TO PLAINTIFF**

25.    Like thousands of other Illinois residents, Plaintiff Kristen Deyerler had her biometrics collected by Defendant when she interviewed for a position through HireVue's online platform.

26.    Specifically, in or around September 2019, Plaintiff applied for a job with Varsity Tutors that utilized Defendant's biometric-enabled platform.

27.    Defendant's technology extracted Plaintiff's facial geometry in order to generate an assessment score.

5

FILED DATE: 1/27/2022 10:52 AM   2022CH00719

28.     Plaintiff, like thousands of Illinois residents who interacted with Defendant's platform, never provided written consent permitting Defendant to capture, store, or disseminate her facial geometry.

29.     Defendant also unlawfully profited from the facial geometry biometrics it obtained from consumers, including Plaintiffs and the other Class members, as, on information and belief, is paid by its clients for access to Defendant's biometrically-enabled video interview software in violation of 740 ILCS 14/15(c).

30.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

31.     Plaintiffs bring this action on their own behalf and on behalf of a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> **Class**: All individuals whose biometrics were captured, collected, received through trade, or otherwise obtained through Defendant's video interview software within the state of Illinois any time within the applicable limitations period.

32.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family of such officer or director.

33.     There are thousands of members of the Class, making the members of the Class are so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

FILED DATE: 1/27/2022 10:52 AM    2022CH00719

34.     Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

35.     There are many questions of law and fact common to the claims of Plaintiff and the Class and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.  Whether Defendant's conduct is subject to BIPA;

b.  Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

c.  Whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their biometrics;

d.  Whether Defendant provided a written disclosure that explained the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

e.  Whether Defendant disseminated or disclosed the Class members' biometrics to third parties;

f.  Whether Defendant's conduct violates BIPA;

g.  Whether Defendant's BIPA violations are willful or reckless; and

h.  Whether Plaintiff and the Class are entitled to damages and injunctive relief under BIPA.

36.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or

FILED DATE: 1/27/2022 10:52 AM   2022CH00719

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

37.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

38.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq.**
**(On behalf of Plaintiff and the Class)**

39.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.     Defendant HireVue is a private entity under BIPA.

41.     BIPA requires that private entities, such as Defendant, obtain informed written consent from individuals before acquiring their biometrics. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entities] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives

8

FILED DATE: 1/27/2022 10:52 AM    2022CH00719

a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

42.     BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information.

43.     Plaintiff and the other Class members have had their "biometric identifiers," namely their facial geometry, collected, captured, or otherwise obtained by Defendant in Illinois through Defendant's AI interview software platform. 740 ILCS 14/10.

44.     Each instance when Plaintiff and the other Class members interacted with HireVue's AI interview software, Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' facial geometry without valid written consent in violation of BIPA.

45.     Defendant's practices with respect to capturing, collecting, storing, and using its users' facial scan biometrics failed to comply with applicable BIPA requirements:

a.  Defendant failed to inform Plaintiff and the other members of the Class in writing that their facial geometry was being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.  Defendant failed to inform Plaintiff and the other Class members in writing of the specific purpose for which their facial geometry (and associate biometric information) was being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

9

FILED DATE: 1/27/2022 10:52 AM   2022CH00719

    c.   Defendant failed to inform Plaintiff and the other Class members in writing the specific length of term their facial geometry was being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d.   Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

    e.   Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and,

    f.   Defendant failed to obtain informed consent to disclose or disseminate the Class members' facial scan biometrics for purposes of data retention and storage of the same, as required by 740 ILCS 14/15(d)(1).

46.    By using its biometric-based AI interview software, Defendant profited from Plaintiff's and the other Class members' facial biometric identifiers in violation of 740 ILCS 14/15(c).

47.    Defendant knew, or was reckless in not knowing, that the biometric technology that it utilized and which thousands of individuals within Illinois interacted with would be subject to the provisions of BIPA yet failed to comply with the statute.

48.    By capturing, collecting, storing, using, and disseminating Plaintiff's and the other Class members' facial scan biometrics as described herein, Defendant denied Plaintiff and the other Class members their rights to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

49.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)–(2).

50.     Defendant's violations of BIPA were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

51.     Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a.     Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.     Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.     Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d.     Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.     Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.     Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g.     Awarding pre- and post-judgment interest, as allowable by law; and

11

FILED DATE: 1/27/2022 10:52 AM   2022CH00719

FILED DATE: 1/27/2022 10:52 AM   2022CH00719

h.      Awarding such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 27, 2022                 Respectfully submitted,

KRISTEN DEYERLER, individually and on behalf
of all similarly situated individuals,


By:     /s/David L. Gerbie
        *One of Plaintiff's Attorneys*


David L. Gerbie
Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com
*Attorneys for Plaintiff and the Putative Classes*

12