## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KRISTEN DEYERLER, *et al.*, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HIREVUE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:22-cv-01284<br><br>Hon. Judge Jeremy C. Daniel<br><br>Hon. Magistrate Judge Jeffrey Cole |

## DEFENDANT HIREVUE, INC.'S ANSWER TO FIRST AMENDED
## CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant HireVue, Inc. ("HireVue" or "Defendant"), through its attorneys, hereby submits

its Answer to Plaintiffs' First Amended Class Action Complaint (the "FAC").

### INTRODUCTION[1]

**COMPLAINT ¶1:**

BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including facial scans, fingerprints and voiceprints. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

**ANSWER:**

HireVue denies the allegations in the first two sentences of Paragraph 1 of the FAC.

HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegation

that biometric identifiers and biometric information are collectively known as "biometrics" and

therefore denies it.

**COMPLAINT ¶2:**

---

[1] Except as otherwise stated, HireVue denies the factual allegations, if any, contained in headings, subheadings, unnumbered paragraphs, figures, and footnotes in the FAC. HireVue repeats all headings and subheadings here for organizational purposes only.

This case concerns the misuse of individuals' biometrics by Defendant, the provider of an online "video interview" platform powered by algorithmic "assessment" software. To assess potential job candidates by using biometric technology, Defendant through its software, is capturing, collecting, disseminating, or otherwise using the biometrics of Plaintiffs and other Class members, without their informed written consent as required by law.

**ANSWER:**

HireVue admits that the first sentence of Paragraph 2 describes Plaintiffs' allegations in this case but denies that HireVue "misused . . . individuals' biometrics," denies that HireVue violated the Illinois Biometric Information Privacy Act (the "BIPA"), and denies that Plaintiffs or any putative class members are entitled to any relief whatsoever. HireVue denies the allegations in the second sentence and denies any remaining allegations in Paragraph 2.

**COMPLAINT ¶3:**

BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1)     inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2)     inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3)     receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4)     publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

**ANSWER:**

HireVue admits that Plaintiffs appear to have attempted to summarize a portion of the BIPA statute but denies that, taken alone, this summary accurately reflects the totality of the statute. HireVue denies any characterization and denies any remaining allegations in Paragraph 3.

**COMPLAINT ¶4:**

2

Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

**ANSWER:**

The allegations in Paragraph 4 contain legal conclusions to which no response is required.

To the extent a further response is required, HireVue denies the allegations in Paragraph 4.

**COMPLAINT ¶5:**

Defendant's biometrically-enabled software works by extracting biometric information from job candidates, typically their facial geometry, and using such information for facial expression assessments and candidate screening purposes. Defendant's software also results in the dissemination of biometrics to third parties, such as data storage vendors.

**ANSWER:**

HireVue denies the allegations in Paragraph 5.

**COMPLAINT ¶6:**

The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

**ANSWER:**

HireVue admits that Plaintiffs appear to have attempted to summarize a portion of the BIPA

statute but denies that, taken alone, this summary accurately reflects the totality of the statute.

HireVue denies any characterization and denies any remaining allegations in Paragraph 6.

**COMPLAINT ¶7:**

The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

**ANSWER:**

The allegations in Paragraph 7 contain legal conclusions to which no response is required.

To the extent a further response is required, HireVue denies the allegations in Paragraph 7.

DM2\19347342.1

**COMPLAINT ¶8:**

Plaintiffs bring this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiffs' state privacy rights.

**ANSWER:**

HireVue admits that Plaintiffs seek "statutory damages and other remedies" in this case but denies that it "violat[ed] Plaintiffs' state privacy rights," denies that it violated the BIPA, and denies that Plaintiffs or any putative class members are entitled to "statutory damages," "other remedies," or any relief whatsoever. HireVue denies any remaining allegations in Paragraph 8.

**COMPLAINT ¶9:**

On Plaintiffs' own behalf, and on behalf of the proposed Class defined below, Plaintiffs seek an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages under BIPA to the Class members, together with costs and reasonable attorneys' fees.

**ANSWER:**

HireVue admits that Plaintiffs seek the relief described in Paragraph 9 and purport to represent a class of allegedly similarly situated individuals but denies that it violated the BIPA, denies that Plaintiffs or any putative class members are entitled to any relief whatsoever, and denies that Plaintiffs' case is suitable for class treatment. HireVue denies any remaining allegations in Paragraph 9.

## PARTIES

**COMPLAINT ¶10:**

Plaintiff Kristen Deyerler is a natural person and a resident of Illinois.

**ANSWER:**

HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

**COMPLAINT ¶11:**

Plaintiff Max Ellithorpe is a natural person and a resident of Illinois.

4

**ANSWER:**

　　HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

**COMPLAINT ¶12:**

　　Plaintiff Bryen Zimmerman is a natural person and a resident of Illinois.

**ANSWER:**

　　HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

**COMPLAINT ¶13:**

　　Plaintiff Christopher Coats is a natural person and a resident of Illinois.

**ANSWER:**

　　HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

**COMPLAINT ¶14:**

　　Plaintiff Nicolas Galindo is a natural person and a resident of Illinois.

**ANSWER:**

　　HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies them.

**COMPLAINT ¶15:**

　　Plaintiff William Phemister is a natural person and a resident of Illinois.

**ANSWER:**

　　HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

**COMPLAINT ¶16:**

Defendant HireVue Inc. is a Delaware corporation with its principal place of business in South Jordan, Utah.

**ANSWER:**

HireVue admits the allegations in Paragraph 16.

## JURISDICTION AND VENUE

**COMPLAINT ¶17:**

This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*., because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

**ANSWER:**

HireVue admits the allegations in Paragraph 17.

**COMPLAINT ¶18:**

This Court may assert personal jurisdiction over Defendant, because Defendant is doing business within this State and transacts business within this State such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiffs' claims arise out of Defendant's unlawful in-state actions when Defendant obtained biometric data in Illinois from Illinois residents.

**ANSWER:**

HireVue denies the allegations in Paragraph 18.

## FACTUAL BACKGROUND

**COMPLAINT ¶19:**

HireVue is a hiring service company that uses an algorithm to assess job applicants' qualifications based on various facial characteristics via an automated video interview platform.

**ANSWER:**

HireVue admits that it offers a video interview platform, which customers can use to

conduct On Demand (or asynchronous) recorded interviews or live two-way interviews (also

recorded). HireVue further admits that customers can conduct On Demand recorded interviews

6

with or without an optional Artificial Intelligence ("AI")-driven component called "HireVue Assessments," and that HireVue Assessments may involve the use of AI models to objectively evaluate candidates' responses to questions related to job competencies tied to the specific role being filled, while eliminating subjective criteria that a hiring manager may consider during an in-person interview (*e.g.*, how someone is dressed). Answering further, HireVue states that some HireVue Assessments models may have included certain visual data points only when such features have been statistically linked to job performance metrics (*e.g.*, customer service ratings for customer-facing roles). HireVue no longer incorporates visual data points in any new HireVue Assessments models because verbal characteristics are more statistically reliable in evaluating job-related competencies. HireVue denies any remaining allegations in Paragraph 19.

## COMPLAINT ¶20:

HireVue's customers, many of which are headquartered in Illinois, are prospective employers looking to fill job openings often exclusively in Illinois.

## ANSWER:

HireVue admits that its customers are "prospective employers looking to fill job openings" but denies that "many" of its customers are headquartered in Illinois. HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegation as to where HireVue's customers are "headquartered" and therefore denies it. HireVue also lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding its customers being "prospective employers looking to fill job openings often exclusively in Illinois" and therefore denies it. HireVue denies any remaining allegations in Paragraph 20.

## COMPLAINT ¶21:

HireVue states that there are "thousands of data points" in each job candidate's recorded video interview, which HireVue collects and uses to assess the candidate's cognitive ability, personality traits, emotional intelligence, and social aptitude.[2]

**ANSWER:**

HireVue admits that the phrase "thousands of data points" appears on page 4 of the online source quoted in Paragraph 21 of the FAC. HireVue denies Plaintiffs' characterization that the source supports the allegation that "there are 'thousands of data points' in each job candidate's recorded video interview" and denies that "there are 'thousands of data points' in each job candidate's recorded video interview." HireVue denies that it "collects and uses" data points to assess candidates' cognitive ability, personality traits, emotional intelligence, and social aptitude. HireVue denies any remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

In order to identify and assess candidates and their facial expressions, HireVue collects, captures and uses facial geometry.

**ANSWER:**

HireVue denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Facial geometry and the biometric information derived therefrom is regulated by BIPA.

**ANSWER:**

The allegations in Paragraph 23 contain legal conclusions to which no response is required. To the extent a further response is required, HireVue denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

In violation of BIPA, HireVue failed to inform the job candidates, including Plaintiffs, that their biometrics were being collected, captured, received through trade, or otherwise obtained when

---

[2] https://hrlens.org/wp-content/uploads/2019/11/The-Next-Generation-of-Assessments-HireVue-White-Paper.pdf. <last accessed May 9, 2022>

they interacted with Defendant's automated job interview platform and failed to obtain any written consent from them to do so, as required by 740 ILCS 14/15(b).

**ANSWER:**

HireVue denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

Similarly, in violation of 740 ILCS 14/15(a), HireVue did not make publicly available any biometric retention policy that disclosed how long it stored the biometrics it collected.

**ANSWER:**

HireVue denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Defendant also unlawfully profited from the biometrics it obtained from Plaintiffs and the other Class members, as Defendant was paid by its clients for use of its biometric software in violation of 740 ILCS 14/15(c).

**ANSWER:**

HireVue denies the allegations in Paragraph 26. Answering further, HireVue states that the Court dismissed Plaintiffs' Section 15(c) BIPA claims in its Order dated February 26, 2024. *See* ECF No. 56 at 15-16.

**COMPLAINT ¶27:**

To this day, Plaintiffs are unaware of the status of their biometrics obtained by Defendant.

**ANSWER:**

HireVue denies that it obtained Plaintiffs' biometrics. HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding any subject about which Plaintiffs "are unaware" and therefore denies it.

**COMPLAINT ¶28:**

By failing to comply with BIPA, Defendant has violated Plaintiffs' substantive state rights to biometric information privacy.

**ANSWER:**

HireVue denies the allegations in Paragraph 28.

## FACTS SPECIFIC TO PLAINTIFF DEYERLER

**COMPLAINT ¶29:**

Like thousands of other Illinois residents, Plaintiff Kristen Deyerler had her biometrics collected by Defendant when she interviewed for a position through HireVue's online platform.

**ANSWER:**

HireVue denies the allegations in Paragraph 29.

**COMPLAINT ¶30:**

Specifically, in or around April 2020, Plaintiff Deyerler applied for an Illinois-based job with Compass Group and was subjected to Defendant's biometric-enabled platform in Illinois through her webcam.

**ANSWER:**

HireVue admits that its business records indicate that an individual named Kristen Deyerler completed a HireVue On Demand video interview on April 20, 2020 for an "FOH Audio" position with Compass Group. Answering further, HireVue states that its business records indicate that no visual information was analyzed in connection with Plaintiff Deyerler's April 20, 2020 interview. HireVue lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Deyerler "applied for an Illinois-based job with Compass Group" and therefore denies it. HireVue denies that Plaintiff Deyerler was "subjected to Defendant's biometric-enabled platform in Illinois through her webcam" and denies any remaining allegations in Paragraph 30.

**COMPLAINT ¶31:**

Using its online platform, Defendant captured Plaintiff Deyerler's facial geometry in order to generate an assessment score.

**ANSWER:**

HireVue denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

10

Plaintiff Deyerler, like thousands of Illinois residents who interacted with Defendant's platform, never provided written consent for Defendant to capture, collect, store, or disseminate her facial geometry.

**ANSWER:**

HireVue denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

By failing to comply with BIPA, Defendant has violated Plaintiff Deyerler's substantive state rights to biometric information privacy.

**ANSWER:**

HireVue denies the allegations in Paragraph 33.

**FACTS SPECIFIC TO PLAINTIFF ELLITHORPE**

**COMPLAINT ¶34:**

Like thousands of other Illinois residents, Plaintiff Max Ellithorpe had his biometrics collected by Defendant when he interviewed for a position through HireVue's online platform.

**ANSWER:**

HireVue denies the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Specifically, in or around May 2018, Plaintiff applied for numerous jobs, including with JP Morgan Chase; Health Care Service Corporation, a corporation organized under the laws of the state of Delaware with its principal place of business in Chicago; and Northwestern Medicine, a corporation organized under the laws of the state of Illinois with its principal place of business in Chicago, and was subjected to Defendant's biometric-enabled platform in Illinois through his webcam.

**ANSWER:**

HireVue admits that its business records indicate that an individual named Max Ellithorpe completed (i) a HireVue interview for a position with JPMorgan Chase & Co. on October 23, 2018, (ii) a HireVue interview for a position with Northwestern Medicine on April 12, 2018, and (iii) a HireVue interview for a position with Health Care Service Corporation on May 18, 2018. *See* ECF No. 49-1, Simmons Decl. ¶ 29. HireVue lacks knowledge or information sufficient to form a belief

11

about the truth of the allegations that Health Care Service Corporation is a corporation organized under the laws of the state of Delaware with its principal place of business in Chicago and that Northwestern Medicine is a corporation organized under the laws of the state of Illinois with its principal place of business in Chicago and therefore denies them. HireVue denies that Plaintiff Ellithorpe "was subjected to Defendant's biometric-enabled platform in Illinois through his webcam" and denies any remaining allegations in Paragraph 35.

**COMPLAINT ¶36:**

Using its online platform, Defendant captured Plaintiff Ellithorpe's facial geometry in order to generate an assessment score.

**ANSWER:**

HireVue denies the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Plaintiff Ellithorpe, like thousands of Illinois residents who interacted with Defendant's platform, never provided written consent for Defendant to capture, store, or disseminate his facial geometry.

**ANSWER:**

HireVue denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

By failing to comply with BIPA, Defendant has violated Plaintiff Ellithorpe's substantive state rights to biometric information privacy.

**ANSWER:**

HireVue denies the allegations in Paragraph 38.

## FACTS SPECIFIC TO PLAINTIFF ZIMMERMAN

**COMPLAINT ¶39:**

Like thousands of other Illinois residents, Plaintiff Bryen Zimmerman had his biometrics collected by Defendant when he interviewed for a position through HireVue's online platform.

**ANSWER:**

HireVue denies the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Specifically, in or around March 2019, Plaintiff Zimmerman applied for an Illinois-based job with Huntington Bank and was subjected to Defendant's biometric-enabled platform in Illinois through his webcam.

**ANSWER:**

HireVue denies the allegations in Paragraph 40.

**COMPLAINT ¶41:**

Using its online platform, Defendant captured Plaintiff Zimmerman's facial geometry in order to generate an assessment score.

**ANSWER:**

HireVue denies the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Plaintiff Zimmerman, like thousands of Illinois residents who interacted with Defendant's platform, never provided written consent for Defendant to capture, store, or disseminate his facial geometry.

**ANSWER:**

HireVue denies the allegations in Paragraph 42.

**COMPLAINT ¶43:**

By failing to comply with BIPA, Defendant has violated Plaintiff Zimmerman's substantive state rights to biometric information privacy.

**ANSWER:**

HireVue denies the allegations in Paragraph 43.

## FACTS SPECIFIC TO PLAINTIFF COATS

**COMPLAINT ¶44:**

Like thousands of other Illinois residents, Plaintiff Christopher Coats had his biometrics collected by Defendant when he interviewed for a position through HireVue's online platform.

**ANSWER:**

HireVue denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Specifically, in 2020, Plaintiff Coats applied for a job with Curaleaf, a company organized under the laws of the state of Illinois with its principal place of business in Chicago, and was subjected to Defendant's biometric-enabled platform in Illinois through his webcam.

**ANSWER:**

HireVue denies the allegations in Paragraph 45.

**COMPLAINT ¶46:**

Using its online platform, Defendant captured Plaintiff Coats' facial geometry in order to generate an assessment score.

**ANSWER:**

HireVue denies the allegations in Paragraph 46.

**COMPLAINT ¶47:**

Plaintiff Coats, like thousands of Illinois residents who interacted with Defendant's platform, never provided written consent for Defendant to capture, store, or disseminate his facial geometry.

**ANSWER:**

HireVue denies the allegations in Paragraph 47.

**COMPLAINT ¶48:**

By failing to comply with BIPA, Defendant has violated Plaintiff Coats' substantive state rights to biometric information privacy.

**ANSWER:**

HireVue denies the allegations in Paragraph 48.

## FACTS SPECIFIC TO PLAINTIFF GALINDO

**COMPLAINT ¶49:**

Like thousands of other Illinois residents, Plaintiff Nicolas Galindo had his biometrics collected by Defendant when he interviewed for a position through HireVue's online platform.

**ANSWER:**

HireVue denies the allegations in Paragraph 49.

**COMPLAINT ¶50:**

Specifically, in or around March 2018, Plaintiff Galindo applied for a job with Wilson Sporting Goods, a corporation organized under the laws of the state of Delaware with its principal place of business in Chicago, and was subjected to Defendant's biometric-enabled platform in Illinois through his webcam.

**ANSWER:**

HireVue denies the allegations in Paragraph 50.

**COMPLAINT ¶51:**

In or around January 2021, Plaintiff Galindo applied for another job with TransUnion, a company with its principal place of business in Chicago, which also utilized Defendant's automated biometric-enabled technology.

**ANSWER:**

HireVue denies the allegations in Paragraph 51.

**COMPLAINT ¶52:**

On each occasion, using its online platform Defendant captured Plaintiff Galindo's facial geometry in order to generate an assessment score.

**ANSWER:**

HireVue denies the allegations in Paragraph 52.

**COMPLAINT ¶53:**

Plaintiff Galindo, like thousands of Illinois residents who interacted with Defendant's platform, never provided written for Defendant to capture, store, or disseminate his facial geometry.

**ANSWER:**

HireVue denies the allegations in Paragraph 53.

**COMPLAINT ¶54:**

By failing to comply with BIPA, Defendant has violated Plaintiff Galindo's substantive state rights to biometric information privacy.

**ANSWER:**

HireVue denies the allegations in Paragraph 54.

**FACTS SPECIFIC TO PLAINTIFF PHEMISTER**

**COMPLAINT ¶55:**

Like thousands of other Illinois residents, Plaintiff William Phemister had his biometrics collected by Defendant when he interviewed for a position through HireVue's online platform.

**ANSWER:**

HireVue denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

Specifically, in or around the Fall of 2019, Plaintiff Phemister applied for an Illinois-based job with Panda Express that utilized Defendant's biometric-enabled platform in Illinois.

**ANSWER:**

HireVue denies the allegations in Paragraph 56.

**COMPLAINT ¶57:**

In or around the Fall of 2020, Plaintiff Phemister applied for another job with State Farm, a corporation organized under the laws of the state of Michigan with its principal place of business in Bloomington, Illinois, and was subjected to Defendant's biometric-enabled platform in Illinois through his webcam.

**ANSWER:**

HireVue admits that its business records indicate that an individual named William

Phemister began (but did not finish) a HireVue interview for a position with State Farm on October

5, 2020. *See* ECF No. 49-1, Simmons Decl. ¶ 29. HireVue lacks knowledge or information

sufficient to form a belief about the truth of the allegations that State Farm is a "corporation

organized under the laws of the state of Michigan with its principal place of business in

Bloomington, Illinois" and therefore denies them. HireVue denies that Plaintiff Phemister "was

subjected to Defendant's biometric-enabled platform in Illinois through his webcam" and denies

any remaining allegations in Paragraph 57.

**COMPLAINT ¶58:**

On each occasion, Defendant's technology extracted Plaintiff Phemister's facial geometry in order to generate an assessment score.

**ANSWER:**

HireVue denies the allegations in Paragraph 58.

**COMPLAINT ¶59:**

Plaintiff Phemister, like thousands of Illinois residents who interacted with Defendant's platform, never provided written consent for Defendant to capture, store, or disseminate his facial geometry.

**ANSWER:**

HireVue denies the allegations in Paragraph 59.

**COMPLAINT ¶60:**

By failing to comply with BIPA, Defendant has violated Plaintiff Phemister's substantive state rights to biometric information privacy.

**ANSWER:**

HireVue denies the allegations in Paragraph 60.

## CLASS ALLEGATIONS

**COMPLAINT ¶61:**

Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs bring this action on their own behalf and on behalf of a class (the "Class") defined as follows:

All individuals whose biometrics were captured, collected, received through trade, or otherwise obtained through Defendant's video interview software within the state of Illinois any time within the applicable limitations period.

**ANSWER:**

HireVue admits that Plaintiffs purport to represent allegedly similarly situated individuals as described in Paragraph 61 but denies that Plaintiffs' case is suitable for class treatment, denies that HireVue violated the BIPA, and denies that Plaintiffs or any class members are entitled to any relief whatsoever. HireVue denies any remaining allegations in Paragraph 61.

17

**COMPLAINT ¶62:**

Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family of such officer or director.

**ANSWER:**

HireVue admits that Plaintiffs purport to represent allegedly similarly situated individuals as referenced in Paragraph 62 and that Plaintiffs claim to exclude the individuals identified in Paragraph 62 from their proposed class. HireVue denies that Plaintiffs' case is suitable for class treatment, denies that HireVue violated the BIPA, and denies that Plaintiffs or any class members are entitled to any relief whatsoever. HireVue denies any remaining allegations in Paragraph 62.

**COMPLAINT ¶63:**

There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members would be impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

**ANSWER:**

HireVue denies the allegations in Paragraph 63.

**COMPLAINT ¶64:**

Plaintiffs' claims are typical of the claims of the Class they seek to represent, because the basis of Defendant's liability to Plaintiffs and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class.

**ANSWER:**

HireVue denies the allegations in Paragraph 64.

**COMPLAINT ¶65:**

There are many questions of law and fact common to the claims of Plaintiffs and the Class and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.     Whether Defendant's conduct is subject to BIPA;

b.     Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

     c.      Whether Defendant obtained a written release from the Class members before capturing, collecting, receiving through trade, or obtaining their biometrics;

     d.      Whether Defendant provided a written disclosure that explained the specific purposes, and the length of time, for which biometrics were being collected, stored, received through trade, or otherwise obtained before taking such biometrics;

     e.      Whether Defendant disseminated or disclosed the Class members' biometrics to third parties;

     f.      Whether Defendant's conduct violates BIPA;

     g.      Whether Defendant's BIPA violations are willful or reckless; and

     h.      Whether Plaintiffs and the Class are entitled to damages and injunctive relief under BIPA.

**ANSWER:**

HireVue denies the allegations in Paragraph 65.

**COMPLAINT ¶66:**

Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**ANSWER:**

HireVue denies the allegations in Paragraph 66.

**COMPLAINT ¶67:**

Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

**ANSWER:**

HireVue denies the allegations in Paragraph 67.

**COMPLAINT ¶68:**

Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class and requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER:**

HireVue denies the allegations in Paragraph 68.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiffs and the Class)**

**COMPLAINT ¶69:**

Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

**ANSWER:**

HireVue repeats and realleges all preceding answers as if fully set forth herein.

**COMPLAINT ¶70:**

Defendant HireVue is a private entity under BIPA.

**ANSWER:**

HireVue admits the allegation in Paragraph 70.

**COMPLAINT ¶71:**

BIPA requires that private entities, such as Defendant, obtain informed written consent from individuals before acquiring their biometrics. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entities] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . .." 740 ILCS 14/15(b).

**ANSWER:**

HireVue admits that it is a "private entity" and that Section 15(b) of the BIPA states that

"[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a

person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the

subject or the subject's legally authorized representative in writing that a biometric identifier or

biometric information is being collected or stored; (2) informs the subject or the subject's legally

authorized representative in writing of the specific purpose and length of term for which a biometric

identifier or biometric information is being collected, stored, and used; and (3) receives a written

release executed by the subject of the biometric identifier or biometric information or the subject's

legally authorized representative." 740 ILCS 14/15(b). HireVue denies any characterization and

denies any remaining allegations in Paragraph 71.

**COMPLAINT ¶72:**

BIPA also requires that a private entity in possession of biometric identifiers and/or
biometric information establish and maintain a written, publicly available retention policy and
guidelines for permanent deletion of such biometrics. 740 ILCS 14/15(a).

**ANSWER:**

HireVue admits that Section 15(a) of the BIPA states that "[a] private entity in possession of

biometric identifiers or biometric information must develop a written policy, made available to the

public, establishing a retention schedule and guidelines for permanently destroying biometric

identifiers and biometric information when the initial purpose for collecting or obtaining such

identifiers or information has been satisfied or within 3 years of the individual's last interaction with

the private entity, whichever occurs first." 740 ILCS 14/15(a). HireVue denies any characterization

and denies any remaining allegations in Paragraph 72.

**COMPLAINT ¶73:**

Plaintiffs and the other Class members have had their "biometric identifiers," namely their
facial geometry, collected, captured, retained through trade, or otherwise obtained by Defendant in
Illinois through Defendant's biometric-based interview software platform. 740 ILCS 14/10.

**ANSWER:**

HireVue denies the allegations in Paragraph 73.

**COMPLAINT ¶74:**

21

Each instance when Plaintiffs and the other Class members interacted with HireVue's biometric-based interview software, Defendant captured, collected, received through trade, stored, and used Plaintiffs' and the other Class members' facial geometry without valid written consent in violation of BIPA.

**ANSWER:**

HireVue denies the allegations in Paragraph 74.

**COMPLAINT ¶75:**

Defendant's practices with respect to capturing, collecting, receiving through trade, storing, and using its users' facial scan biometrics failed to comply with applicable BIPA requirements:

a.    Defendant failed to inform Plaintiffs and the other members of the Class in writing that their facial geometry was being captured, collected, received through trade, stored, and/or used prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.    Defendant failed to inform Plaintiffs and the other Class members in writing of the specific purpose for which their facial geometry (and associate biometric information) was being captured, collected, received through trade, stored, and/or used, as required by 740 ILCS 14/15(b)(2);

c.    Defendant failed to inform Plaintiffs and the other Class members in writing the specific length of term their facial geometry was being captured, collected, received through trade, stored, and/or used, as required by 740 ILCS 14/15(b)(2);

d.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e.    Defendant failed to provide a publicly-available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and,

f.    Defendant failed to obtain informed consent to disclose or disseminate the Class members' facial scan biometrics for purposes of data retention and storage of the same, as required by 740 ILCS 14/15(d)(1).

**ANSWER:**

HireVue denies the allegations in Paragraph 75.

**COMPLAINT ¶76:**

By using its biometric-based interview software, Defendant profited from Plaintiffs' and the other Class members' facial biometric identifiers in violation of 740 ILCS 14/15(c).

**ANSWER:**

      HireVue denies the allegations in Paragraph 76.  Answering further, HireVue states that the

Court dismissed Plaintiffs' Section 15(c) BIPA claims in its Order dated February 26, 2024.  *See*

ECF No. 56 at 15-16.

**COMPLAINT ¶77:**

      77.    Defendant knew, or was reckless in not knowing, that the biometric technology that
it utilized, and which thousands of individuals within Illinois interacted with, would be subject to
the provisions of BIPA, yet failed to comply with the statute.

**ANSWER:**

      HireVue denies the allegations in Paragraph 77.

**COMPLAINT ¶78:**

      78.    By capturing, collecting, storing, using, and disseminating Plaintiffs' and the other
Class members' facial scan biometrics as described herein, Defendant denied Plaintiffs and the
other Class members their rights to statutorily-required information and violated their respective
rights to biometric information privacy, as set forth in BIPA.

**ANSWER:**

      HireVue denies the allegations in Paragraph 78.

**COMPLAINT ¶79:**

      79.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless
violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.  740
ILCS 14/20(1)–(2).

**ANSWER:**

      HireVue admits that Plaintiffs appear to have attempted to summarize a portion of the BIPA

statute but deny that, taken alone, this summary accurately reflects the totality of the statute.

HireVue denies any characterization, denies that Plaintiffs or putative class members are entitled to

the "statutory damages" described in Paragraph 79, and denies any remaining allegations in

Paragraph 79.

**COMPLAINT ¶80:**

80.     Defendant's violations of BIPA were knowing and willful, or were at least in reckless disregard of the statutory requirements.  Alternatively, Defendant negligently failed to comply with BIPA.

**ANSWER:**

HireVue denies the allegations in Paragraph 80.

**COMPLAINT ¶81:**

Accordingly, with respect to Count I, Plaintiffs, individually and on behalf of the proposed Class, pray for the relief set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the proposed Class, respectfully request that this Court enter an Order:

a.    Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

b.    Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA;

d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.    Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g.    Awarding pre- and post-judgment interest, as allowable by law; and

h.    Awarding such further and other relief as the Court deems just and equitable.

**ANSWER:**

HireVue admits that Plaintiffs purport to seek relief but denies that HireVue violated the BIPA, denies that Plaintiffs' case is suitable for class treatment, and denies that Plaintiffs or any putative class members are entitled to any relief whatsoever.  HireVue denies any remaining allegations in this "WHEREFORE" Paragraph.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

## ANSWER:

HireVue admits that Plaintiffs demand a trial by jury.

## ANSWER TO REMAINDER OF FAC

HireVue denies each and every allegation in the FAC that has not been separately and specifically admitted.

\*       \*       \*

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the admissions, denials, and other responses set forth above, HireVue asserts the following affirmative and other defenses. In pleading these defenses, HireVue does not assume any burdens of production or proof that it would not otherwise have. Further, HireVue specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, that may become apparent at any time during the course of this litigation.

### FIRST ADDITIONAL DEFENSE (FAILURE TO STATE A CLAIM)

The FAC fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE (CONSENT)

The claims are barred in whole or in part because Plaintiffs and/or members of the putative class, or representatives with authority to act on their behalf, consented to the conduct alleged to violate the BIPA. Upon information and belief, Plaintiffs and/or members of the putative class consented to the conduct alleged to violate the BIPA through their conduct or otherwise, including (1) through their respective agreement(s) with one or more of HireVue's customers; and (2) through their conduct in connection with their use of HireVue's interviewing platform. In the alternative, the HireVue customers with which Plaintiffs and/or putative class members sought to apply for jobs

25

acted as their legally authorized representatives and consented to the conduct alleged to violate the BIPA.

### THIRD ADDITIONAL DEFENSE (STATUTE OF LIMITATIONS)

Each of the alleged claims is barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiffs bring claims under the BIPA based on conduct that occurred more than five years prior to the initiation of this action.

### FOURTH ADDITIONAL DEFENSE (LACHES)

Each of the alleged claims is barred, in whole or in part, by the doctrine of laches. Plaintiffs filed this action after an unreasonable delay, including because Plaintiffs impliedly consented to the conduct complained of when they allegedly used HireVue's purported "biometric-enabled platform" years earlier.

### FIFTH ADDITIONAL DEFENSE (UNCLEAN HANDS)

Each of the alleged claims is barred, in whole or in part, by the doctrine of unclean hands to the extent Plaintiffs assisted other individuals in using HireVue's purported "biometric-enabled platform" and providing the alleged data at issue, and thus knowingly participated in the conduct complained of in the FAC.

### SIXTH ADDITIONAL DEFENSE (ESTOPPEL AND WAIVER)

Each of the alleged claims is barred, in whole or in part, by the doctrines of waiver, estoppel, quasi-estoppel, equitable estoppel, discharge, and/or abandonment. Upon information and belief, Plaintiffs and the putative class members whom they purport to represent approved of the conduct of which they now complain by using their mobile device(s) and/or computer(s) to participate in HireVue interviews. Plaintiffs knowingly waived any claim as to the conduct complained of when they participated in interviews using HireVue's platform – all while never objecting to the conduct complained of in the FAC. As a result, Plaintiffs and the putative class members are barred from

bringing their claims under the doctrines of waiver, estoppel, quasi-estoppel, equitable estoppel, discharge, and/or abandonment.

### SEVENTH ADDITIONAL DEFENSE (ASSUMPTION OF RISK)

The claims are barred in whole or in part because Plaintiffs and the individuals they seek to represent approved of and participated in the conduct of which they now complain, specifically by participating in interviews using HireVue's "biometric-enabled platform." Accordingly, Plaintiffs and the putative class implicitly consented to encounter an inherent and known risk.

### EIGHTH ADDITIONAL DEFENSE (RATIFICATION AND ACQUIESCENCE)

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiffs and the putative class members approved and, in some cases, participated in the conduct of which they now complain, including by participating in HireVue interviews using the webcams on their mobile devices and/or computers, even after they knew or should have known of the conduct alleged in the FAC. As a result, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

### NINTH ADDITIONAL DEFENSE (SUBSTANTIAL COMPLIANCE)

The claims are barred in whole or in part because, to the extent that the BIPA applies to the conduct alleged in the FAC (which HireVue denies), HireVue substantially complied with the requirements of the BIPA. The purposes motivating the BIPA's collection, use, disclosure, and retention requirements are not implicated by HireVue's interviewing platform and are satisfied by the information HireVue provides about its technology and the procedures it uses for obtaining consent from its customers' end users. Upon information and belief, Plaintiffs and the putative class members whom they purport to represent have suffered and will suffer no prejudice arising out of any alleged lack of strict compliance. Plaintiffs and the putative class members whom they

27

purport to represent accordingly are precluded from recovery based on the conduct alleged in the FAC.

### TENTH ADDITIONAL DEFENSE (FAILURE TO MITIGATE)

To the extent Plaintiffs sustained or have suffered any injuries, damages, or loss by reason of any act of HireVue alleged in the FAC (which HireVue denies), Plaintiffs have failed to mitigate those damages and their claims are therefore barred in whole or in part.

### ELEVENTH ADDITIONAL DEFENSE (NO VIOLATION OF THE BIPA)

Each of the alleged claims under the BIPA is barred, in whole or in part, because HireVue never collected, used, or possessed biometric identifiers or biometric information and never provided technology that implicates the use of data subject to regulation under the BIPA. Even assuming that the interviewing platform described in the FAC generated or involved the use of "biometric identifiers" or "biometric information" as defined by the BIPA (which HireVue denies), HireVue did not "collect, capture, purchase, receive through trade, or otherwise obtain" any information covered by the BIPA or come into "possession" of any such information. *See* 740 ILCS 14/15. Therefore, Plaintiffs' and the putative class members' claims fail.

### TWELFTH ADDITIONAL DEFENSE (NO CAUSATION)

Each of the alleged claims is barred, in whole or in part, because any injury allegedly suffered by Plaintiffs was caused in whole or in part by the acts or omissions of persons or entities other than HireVue.

### THIRTEENTH ADDITIONAL DEFENSE (EXCESSIVE FINES)

Each of the alleged claims is barred, in whole or in part, as an excessive fine in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, including because Plaintiffs have not suffered any actual harm. Any recovery of statutory liquidated damages by Plaintiffs would not be a reasonable estimate of actual damages but instead would be a disparate penalty given that

28

Plaintiffs have not suffered any actual harm to warrant such relief. Any recovery of statutory liquidated damages by Plaintiffs would be grossly excessive, exorbitant, and disproportionate for a mere procedural or technical violation of the BIPA without any actual injury or harm, which would violate the Due Process Clause of the U.S. and Illinois Constitutions.

### FOURTEENTH ADDITIONAL DEFENSE (NOT SUITABLE FOR CLASS TREATMENT)

This case may not be maintained as a class action because Plaintiffs cannot establish the existence of each of the requirements under Rule 23 and other relevant legal authority. HireVue opposes class certification and disputes the propriety of class action treatment for reasons that include, but are not limited to, the lack of commonality, predominance, and typicality among the claims of the putative class members. In addition, the claims of Plaintiffs and the putative class members are subject to individualized defenses.

### FIFTEENTH ADDITIONAL DEFENSE (GOOD FAITH)

The claims are barred in whole or in part by HireVue's good faith and its absence of negligent, intentional, or reckless conduct. To the extent that the BIPA applies to HireVue's conduct as alleged in the FAC, HireVue is not liable because it relied in good faith upon a reasonable interpretation of the BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless. *See* 740 ILCS 14/20.

### SIXTEENTH ADDITIONAL DEFENSE (SPECIAL LEGISLATION)

The BIPA violates the Illinois constitution because it is "special legislation." *See* Ill. Const., art. IV, § 13 (prohibiting a "special or local law when a general law is or can be made applicable"). For example, the BIPA exempts contractors, subcontractors, and agents of state and local governments, as well as "financial institutions" or "affiliate[s] of a financial institution." 740 ILCS 14/25(c), (e). It also effectively exempts healthcare providers who collect information "in a health care setting." 740 ILCS 14/10. But the Illinois legislature is prohibited from designing a law "that

discriminates in favor of a select group in an arbitrary manner." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 235 (2005). The BIPA exemptions are arbitrary, and therefore the statute is unconstitutional special legislation.

### SEVENTEENTH ADDITIONAL DEFENSE (VAGUENESS)

The claims are barred in whole or in part because the BIPA, including but not limited to the statute's definitions of "biometric identifiers" and "biometric information," is vague in violation of the U.S. and Illinois Constitutions.

### EIGHTEENTH ADDITIONAL DEFENSE (DISCRETIONARY DAMAGES)

Plaintiffs' claims are barred, in whole or in part, because the BIPA's liquidated damages provisions are discretionary, rather than mandatory, and Plaintiffs' allegations provide no basis for the award of liquidated damages. Upon information and belief, Plaintiffs and the individuals they seek to represent have not suffered any injury due to HireVue's alleged conduct, and awarding liquidated damages under such circumstances would be inappropriate and unjust.

### NINETEENTH ADDITIONAL DEFENSE (NO PERSONAL JURISDICTION)

Each of the alleged claims is barred, in whole or in part, because the Court lacks personal jurisdiction over HireVue.

### TWENTIETH ADDITIONAL DEFENSE (EXTRATERRITORIALITY DOCTRINE)

The claims are barred in whole or in part because the BIPA does not apply extraterritorially. The BIPA does not apply outside Illinois because the Illinois legislature did not clearly state that it intended for the statute to apply outside Illinois. Upon information and belief, the conduct alleged to violate the BIPA in this case took place entirely or predominantly outside Illinois. Thus, the conduct alleged in the FAC is not governed by the BIPA.

30

### TWENTY-FIRST ADDITIONAL DEFENSE (DORMANT COMMERCE CLAUSE)

The claims are barred in whole or in part by the Dormant Commerce Clause of the U.S. Constitution. If the conduct alleged in the FAC qualifies as a violation of the BIPA, then the BIPA would have the practical effect of allowing Illinois law to regulate conduct occurring entirely outside of Illinois; the BIPA would subject HireVue to inconsistent regulations; and the BIPA would usurp the prerogative of other states to make their own policy choices.

### TWENTY-SECOND ADDITIONAL DEFENSE (PRECLUDED BY AIVIA)

The claims are barred in whole or in part because under the facts of this case, there is an irreconcilable conflict between the BIPA and the Artificial Intelligence Video Interview Act, 820 ILCS 42/1 *et seq.* (the "AIVIA"). Thus, only one of the two statutes can apply to HireVue. *See State v. Mikusch*, 138 Ill.2d 242, 254 (1990) ("Concluding that the statutory provisions are irreconcilable it must be determined which act is controlling. When two statutes appear to be in conflict, the one which was enacted later should prevail, as a later legislative expression of intent."). Because the AIVIA was enacted after the BIPA and because it is more specifically applicable to HireVue under the facts alleged, the AIVIA controls and precludes application of the BIPA.

### TWENTY-THIRD ADDITIONAL DEFENSE ("PHOTOGRAPH" EXCEPTION)

The claims are barred in whole or in part because they fall within the BIPA's photograph exception. The definition of "biometric identifier" in the BIPA excludes "photographs," and the definition of "biometric information" in the BIPA excludes "information derived from items or procedures excluded under the definition of biometric identifiers." 740 ILCS 14/10. Because videos and photographs are comparable media, and because the claims are based in whole or in part on the alleged collection of biometric data from videos and/or photographs of Plaintiffs and members of the putative class, the BIPA does not apply and the claims are therefore barred.

### TWENTY-FOURTH ADDITIONAL DEFENSE (CHOICE OF LAW)

The claims are barred in whole or in part because Plaintiffs and/or members of the putative class agreed that the laws of states other than Illinois would govern the claims raised herein, in their contractual arrangements with HireVue customers or otherwise.  Consequently, Plaintiffs and/or putative class members are barred from bringing claims under any Illinois law, including the BIPA.

### TWENTY-FIFTH ADDITIONAL DEFENSE (ARBITRATION)

The claims are barred in whole or in part because Plaintiffs and/or members of the putative class agreed to arbitrate the claims asserted herein, through their contractual arrangements with HireVue customers or otherwise.

### TWENTY-SIXTH ADDITIONAL DEFENSE (LIMITATION OF LIABILITY)

The claims are barred in whole or in part because Plaintiffs and/or members of the putative class agreed to limitations of HireVue's liability for the claims asserted herein, either in their contractual agreements with HireVue customers or otherwise.

### TWENTY-SEVENTH ADDITIONAL DEFENSE (CLASS ACTION WAIVER)

The claims are barred in whole or in part because Plaintiffs and/or members of the putative class agreed to proceed with the claims asserted herein solely on an individual basis and not as a party to any class action or collective action, either in their contractual arrangements with HireVue customers or otherwise.

### TWENTY-EIGHTH ADDITIONAL DEFENSE (THE BIPA DOES NOT APPLY TO SERVICE PROVIDERS)

The claims are barred in whole or in part because HireVue is a service provider that allegedly collects and processes data on behalf of its customers, and the BIPA does not apply to such service providers.

### TWENTY-NINTH ADDITIONAL DEFENSE (LACK OF STANDING)

The claims may be barred in whole or in part because, under Article III of the U.S. Constitution, if the allegations of injury in the FAC are established to be without basis, Plaintiffs and at least some of the putative class members lack standing to bring some or all of the claims asserted in the FAC.

### THIRTIETH ADDITIONAL DEFENSE (FIRST AMENDMENT)

The claims are barred in whole or in part by the First Amendment of the U.S. Constitution. The BIPA violates the First Amendment by unconstitutionally prohibiting HireVue from collecting, creating, and sharing information. The BIPA is a content-based restriction on speech because it explicitly places restrictions on the collection or creation of some categories of personal information ("biometric identifiers" and "biometric information") that give rise to expression, but not others (*e.g.*, writing samples, photographs, tattoo descriptions). 740 ILCS 14/10. The BIPA is a speaker-based restriction on speech because it burdens the speech of private entities but exempts other types of entities, such as the government and its contractors. *See, e.g.*, 740 ILCS 14/25. The BIPA fails strict scrutiny because it is not narrowly tailored to serve a compelling government interest. The BIPA also fails intermediate scrutiny because it burdens the collection and analysis of information without a sufficiently important governmental interest.

### THIRTY-FIRST ADDITIONAL DEFENSE (NOT AGGRIEVED)

The claims are barred in whole or in part because Plaintiffs and the putative class members are not "aggrieved" within the meaning of 740 ILCS 14/20. Upon information and belief, Plaintiffs and the putative class members have not suffered any actual injuries, injuries in fact, or any other injuries or harms to their distinct and personal legal interests. Accordingly, they are not "aggrieved" within the meaning of the BIPA and may not seek relief under the statute.

DM2\19347342.1

**THIRTY-SECOND ADDITIONAL DEFENSE ("FINANCIAL INSTITUTION" EXCEPTION)**

The claims are barred in whole or in part because the third party doing business as "Health Care Service Corporation" is a financial institution subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder, and because to apply the BIPA to HireVue in this case would be to unlawfully apply the BIPA "in any manner" to "Health Care Service Corporation" in violation of 740 ILCS 14/25(c).

**THIRTY-THIRD ADDITIONAL DEFENSE ("GOVERNMENT CONTRACTOR" EXCEPTION)**

The claims are barred in whole or in part to the extent that Plaintiffs and/or putative class members have participated in HireVue interviews while applying for a position(s) with a HireVue customer(s) operating as "a contractor, subcontractor, or agent of a State agency or local unit of government." 740 ILCS 14/25(e). In that circumstance, the claims of Plaintiffs and/or putative class members would be barred by the BIPA's "government contractor" exception. *See id.* ("Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government.").

**THIRTY-FOURTH ADDITIONAL DEFENSE (ADEQUATE REMEDY AT LAW)**

Plaintiffs' claims for injunctive and equitable relief fail because Plaintiffs have an adequate remedy at law.

**RESERVATION OF DEFENSES**

HireVue hereby gives notice that it intends to rely upon such other defenses or affirmative defenses as may become available or apparent during discovery and hereby reserves the right to assert any such additional defenses or affirmative defenses.

**WHEREFORE**, HireVue denies that Plaintiffs are entitled to any relief and request that the FAC be dismissed in its entirety with prejudice, that judgment be entered in HireVue's favor, and

34

that HireVue be awarded its costs, attorneys' fees, and such other relief as the Court deems appropriate.

Dated: March 18, 2024                                  Respectfully submitted,


                                                      /s/ *Gerald L. Maatman, Jr.*
                                                      Gerald L. Maatman, Jr.
                                                      (gmaatman@duanemorris.com)
                                                      Tyler Zmick
                                                      (tzmick@duanemorris.com)
                                                      DUANE MORRIS LLP
                                                      190 South La Salle Street, Suite 3700
                                                      Chicago, Illinois 60603
                                                      Telephone: (312) 499-6700

                                                      **Attorneys for Defendant HireVue, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I, Gerald L. Maatman, Jr., an attorney, certify that on March 18, 2024, I caused a true and correct copy of the foregoing document to be served upon all counsel of record for all parties that have appeared via the Court's CM/ECF System.


/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.