IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTEN DEYERLER, *et al.*, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HIREVUE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:22-cv-01284<br><br>Hon. Judge Jeremy C. Daniel<br><br>Hon. Magistrate Judge Jeffrey Cole |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

Plaintiffs and Defendant HireVue, Inc. ("HireVue") (collectively, the "Parties") have conferred as required by Rule 26(f), and pursuant to this Court's order of June 5, 2024 (Dkt. 68), jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b).

**I.  NATURE OF THE CASE**

**A.  Attorneys of Record**: Lead trial counsel are designated with an asterisk (*).

| | |
|---|---|
| David L. Gerbie*<br>(dgerbie@mcgpc.com)<br>Andrew T. Heldut<br>(aheldut@mcgpc.com)<br>Brendan J. Duffner<br>(bduffner@mcgpc.com)<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Floor<br>Chicago, IL 606061<br>Telephone: (312) 893-7002 | Gerald L. Maatman, Jr.*<br>(gmaatman@duanemorris.com)<br>Tyler Zmick<br>(tzmick@duanemorris.com)<br>DUANE MORRIS LLP<br>190 South La Salle Street, Suite 3700<br>Chicago, Illinois 60603<br>Telephone: (312) 499-6700 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant HireVue, Inc.* |

**B.  Parties who have not yet been served**: Service on the Parties is complete at this time.

**C.  Basis for Federal Jurisdiction**: Plaintiff Kristen Deyerler originally filed this case in state court, and HireVue removed. ECF No. 1. HireVue asserts that there is federal jurisdiction under

the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), because Plaintiffs are citizens of Illinois, HireVue is a citizen of Delaware and Utah, there are more than 100 members in the putative class, and the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**D.     Claims, counterclaims, and relief sought**: Plaintiffs allege that Defendant HireVue collected, stored, and disseminated their and the other Class members' biometrics through its automated video interview platform in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* Plaintiffs assert that Defendant violated Sections 15(a), 15(b), & 15(d) of the BIPA. (*See* First Amended Complaint or "FAC", ECF No. 17). Plaintiffs bring this action on behalf of themselves and all other "individuals whose biometrics were captured, collected, received through trade, or otherwise obtained through Defendant's video interview software within the state of Illinois any time within the applicable limitations period." (FAC. ¶ 61.) Plaintiffs seek, *inter alia*, a declaration that HireVue's actions violate the BIPA, an award of statutory damages of $5,000 for each willful and/or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), statutory damages of $1,000 for each negligent violation of the BIPA pursuant to 740 ILCS 14/20(1), injunctive and other equitable relief, and reasonable litigation expenses and attorneys' fees. HireVue has filed its Answer to Plaintiffs' First Amended Complaint on March 18, 2024 (ECF No. 58), and has not asserted any counterclaims or third-party claims at this time.

**E. Major legal and factual issues**:

Plaintiffs' Position:

1. Whether Defendant captured, collected, received through trade, or obtained Plaintiffs' and the Class members' biometrics;

2. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

3. Whether Defendant obtained a written release from the Plaintiffs and the Class members before capturing, collecting, receiving through trade, or obtaining their

2

    biometrics;

4. Whether Defendant provided a written disclosure that explained the specific purposes, and the length of time, for which biometrics were being collected, stored, received through trade, or otherwise obtained before taking such biometrics;

5. Whether Defendant disseminated or disclosed Plaintiffs' and the Class members' biometrics to third parties;

6. Whether Defendant's conduct violates BIPA;

7. Whether Defendant's BIPA violations are willful or reckless;

8. Whether Plaintiffs and the Class are entitled to damages and injunctive relief under BIPA; and

9. Whether Plaintiffs' claims are appropriate for class certification under Fed. R. Civ. P. 23.

HireVue's Position:

HireVue anticipates that major legal issues will include whether Plaintiffs' claims fail because: (1) they would result in an unlawful, extraterritorial application of the BIPA; (2) they would result in a violation of the Dormant Commerce Clause of the U.S. Constitution; (3) they would result in a violation of the First Amendment of the U.S. Constitution; (4) the data generated and/or used in connection with HireVue Assessments do not constitute "biometric identifiers" or "biometric information" as defined by the BIPA; (5) they are precluded by the Artificial Intelligence Video Interview Act, which is more recent than the BIPA and more specific to the alleged conduct; (6) they are barred by the BIPA's "financial institution" exemption; and (7) HireVue has not violated the BIPA. There will also be major legal issues related to certification of a putative class, including (8) whether any putative class members can be reasonably ascertained and (9) whether individualized questions of law or fact predominate over any common questions of law or fact. Major factual issues will include Plaintiffs' experience with and knowledge of HireVue's interviewing platform.

II.     **CASE PLAN**

A.      **Pending motions**: As of the filing of this report, pending before the Court is Defendant's Motion for Reconsideration, (Dkt. 61), regarding this Court's order on Defendant's Motion to Dismiss (Dkt. 56). The briefing on Defendant's Motion for Reconsideration was completed on May 15, 2024.

B.      **Proposed discovery plan**:

Plaintiffs: This case will require class certification discovery as well as merits-related discovery regarding Defendant's technology, which will likely require oral, written, and electronic discovery and entry of a standard protective order. Plaintiffs also anticipate that third-party discovery as well as expert discovery will be required. Plaintiffs' position is that individual, class and merits discovery should all proceed simultaneously and immediately without regard to Defendant's pending Motion for Reconsideration.

Defendant: HireVue anticipates taking written and oral fact discovery on Plaintiffs' experiences with and knowledge of HireVue's interviewing platform (if any), the purpose for and circumstances surrounding their use of HireVue's interviewing platform, and Plaintiffs' basis for their allegations that HireVue collected and stored their biometric data without complying with the BIPA. HireVue's position, however, is that discovery in this case should be stayed pending a ruling on HireVue's Motion to Reconsider the Court's February 26, 2024 Memorandum Order (ECF No. 61). Alternatively, discovery should at minimum be stayed with respect to the claims asserted by Plaintiffs Deyerler, Zimmerman, Coats, Galindo, and Phemister due to the likelihood that the Court will ultimately hold that it lacks personal jurisdiction with respect to those claims. HireVue further submits that in the event that discovery proceeds over HireVue's objection, such discovery should be sequenced such that the initial stage is limited to the merits of Plaintiffs' individual claims (and

4

HireVue's defenses to those claims) and that any class discovery should be postponed until after the completion of discovery on Plaintiffs' individual claims.

ESI: The Parties anticipate discovery will include ESI, and they do not currently anticipate any ESI issues. The Parties expect to agree on an ESI protocol to govern document production.

Privilege: The Parties do not currently expect any privilege or work product issues, and they anticipate entering into a confidentiality order covering such topics.

Experts: The Parties anticipate that expert discovery may be necessary.

Changes: The Parties do not anticipate that there will be any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules at this time.

Proposed Schedule: The Parties propose the following case deadlines:[1]

| EVENT | PARTIES' PROPOSED DEADLINE |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | June 26, 2024 |
| Initial Written Discovery Requests Shall Be Issued By | July 15, 2024 |
| Completion of Fact Discovery (Incl. Depositions) | June 26, 2025 |
| Disclosure of Plaintiffs' Expert Report(s) | July 31, 2025 |
| Deposition of Plaintiffs' Expert(s) | September 1, 2025 |
| Disclosure of HireVue's Expert Report(s) | October 3, 2025 |
| Deposition of HireVue's Expert(s) | October 31, 2025 |
| Defendant's and Plaintiffs' Rebuttal Expert Reports | December 5, 2025 |

---

[1] As stated, HireVue maintains that (i) discovery should be stayed pending resolution of its Motion to Reconsider and (ii) if and when discovery proceeds, it should be bifurcated such that class discovery is postponed until after the completion of discovery on Plaintiffs' individual claims. If the Parties cannot reach agreement on staying and/or bifurcating discovery after conferring in accordance with Local Rule 37.2, then HireVue plans to file motions to stay discovery and to bifurcate discovery. Thus, HireVue agrees to the discovery framework proposed in this report only insofar as the Court ultimately determines that discovery should not be stayed and/or bifurcated.

The Parties request that a dispositive motion deadline and briefing schedule be set at or after the close of discovery.

**Deadline to Amend Pleadings**: The Parties were unable to agree on a joint proposed deadline by which the Parties must amend their pleadings. Plaintiffs propose a deadline of December 5, 2024, while HireVue proposes a deadline of June 24, 2024. The Parties' respective positions on this issue are set forth below:

Plaintiffs' Position: Plaintiffs are at a loss as to why there is anything controversial about a pleading amendment deadline and do not understand why Defendant is using this Joint Status Report to argue the merits of a future hypothetical motion for leave to file an amended complaint. Here, Defendant seeks to inhibit Plaintiffs' ability to file a potential subsequent amended complaint prior to discovery even beginning, and that is unreasonable on its face. Nevertheless, if Defendant is going to go into detail as to its position on this issue, then Plaintiffs explain their rational for a proposed December 2024 amendment deadline as follows.

Plaintiffs sent Defendant a proposed amended complaint in late April 2024. Defendant failed to respond for several weeks as to whether Defendant would consent to its filing. When Defendant finally did respond, it became clear that Defendant would not agree to the filing of the then proposed amended complaint without multiple preconditions which ultimately Plaintiffs found unacceptable. Subsequently, Plaintiffs have considered further changes to an amended complaint and are still considering the nature of any such amendment. Plaintiffs anticipate that an amended complaint, or motion for leave to file such amended complaint, is forthcoming in the next thirty days and would be willing to have the Court set a deadline of early to mid-July for the filing of a pre-discovery amended complaint. Since no discovery has occurred thus far, Defendant will not be prejudiced by the filing of any amended complaint at this time, and deadlines for amending the pleadings are regularly set for well into, if not at the close, of discovery. Plaintiff proposed to Defendant that they meet and confer regarding a potential forthcoming complaint in the coming

weeks (prior to July 15, 2024) and agreed that any subsequent amendment, e.g. any amendment in response to facts learned in discovery, would be filed *only after leave of Court* and prior to December 5, 2024. Defendant refused to agree to such proposal.

HireVue's Position: On April 18, 2024, Plaintiffs (i) informed HireVue that they were considering amending their operative complaint, (ii) stated that they believed the filing of an amended complaint would moot HireVue's Motion to Reconsider, and (iii) asked whether HireVue would consent to the filing of an amended complaint under Federal Rule of Civil Procedure 15(a)(2). On April 23, 2024, Plaintiffs sent HireVue a draft of their proposed second amended complaint (the "Proposed SAC"). HireVue did not consent to the filing of the Proposed SAC, and the Parties proceeded to brief HireVue's Motion to Reconsider. *See* ECF Nos. 66-67. The Parties conferred again in late May and early June 2024 in an attempt to reach agreement on Plaintiffs' plan to amend their complaint for a second time, but the Parties were unable to do so.

The Court should set a firm deadline of June 24, 2024 by which the Parties must seek leave to amend their pleadings (or at minimum, by which Plaintiffs must seek leave to file their Proposed SAC) for several reasons. *First*, the "new" allegations in Plaintiffs' Proposed SAC are based almost entirely on facts known to Plaintiffs' counsel since the filing of the initial complaint in this matter (*i.e.*, January 27, 2022). Plaintiffs need no discovery before they can seek leave to file their Proposed SAC – a pleading that is already drafted and has been ready to file since April 23, 2024 at the latest. *Second*, giving Plaintiffs until December 5, 2024 to seek leave to file the Proposed SAC would allow them to improperly "sit on" their amended pleading and file it at a time that they believe would work to their strategic advantage. For instance, Plaintiffs may wish to wait for a ruling on HireVue's pending Motion to Reconsider before deciding on an approach for seeking leave to amend their complaint. Similarly, Plaintiffs may want to revise the Proposed SAC based on language contained in the Court's forthcoming ruling. These are not valid reasons for Plaintiffs

7

to delay their request for leave to amend their complaint. *See, e.g.*, *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017). *Third*, allowing Plaintiffs to take their proposed "wait-and-see" approach would result in unnecessary burdens on both the Court and HireVue. The Court would be burdened by having to prepare what may ultimately be an unnecessary written ruling on HireVue's Motion to Reconsider – a ruling that would likely become "moot" if Plaintiffs are later allowed to file their Proposed SAC. Conversely, if Plaintiffs seek leave to file their Proposed SAC *now*, the Court could take the more efficient approach of first ruling on Plaintiffs' motion for leave, which – if granted – would likely obviate the need for the Court to rule on HireVue's Motion to Reconsider. HireVue would also be burdened by potentially having to engage in months of discovery directed at allegations made in the currently operative FAC, only to later be forced to duplicate discovery efforts to account for factual allegations raised in the Proposed SAC but not in the FAC. Relatedly, Plaintiffs' amended complaint proposes the removal of three of the six current named Plaintiffs. Despite Plaintiffs' apparent intent to remove those individuals from the case, Plaintiffs do not agree to stay discovery with respect to the claims asserted by those Plaintiffs – meaning HireVue may be forced to engage in needless discovery on individuals who will soon be dropped from the case.

Because there is no valid reason to give Plaintiffs time to "test the waters" before seeking leave to file their Proposed SAC, the Court should set a firm deadline of June 24, 2024 by which the Parties must amend their pleadings (or at minimum, by which Plaintiffs must seek leave to file their Proposed SAC).[2]

**C. Jury demand and estimated trial length**: Plaintiffs have demanded a jury trial. The Parties currently expect trial to take approximately three to five days.

---

[2] Even if Plaintiffs were to seek leave to file the Proposed SAC on or before June 24, 2024, HireVue maintains that the Court should *not* grant Plaintiffs leave to do so. A deadline of June 24, 2024 for Plaintiffs to seek leave to file the Proposed SAC is necessary, however, for the reasons stated above.

**III.     SETTLEMENT**

**A.     Settlement Discussions**: The Parties have not engaged in settlement discussions.

**B.     Settlement Conference**: The Parties do not request a settlement conference at this time.

**IV.     CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The Parties have discussed the possibility of proceeding before Magistrate Judge Jeffrey Cole with their respective clients, but they have not unanimously consented.

*     *     *

| | |
|---|---|
| */s/ David L. Gerbie (with permission)*<br>David L. Gerbie<br>(dgerbie@mcgpc.com)<br>Andrew T. Heldut<br>(aheldut@mcgpc.com)<br>Brendan J. Duffner<br>(bduffner@mcgpc.com)<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Floor<br>Chicago, IL 606061<br>Telephone: (312) 893-7002<br><br>***Attorneys for Plaintiffs*** | */s/ Gerald L. Maatman, Jr.*<br>Gerald L. Maatman, Jr.<br>(gmaatman@duanemorris.com)<br>Tyler Zmick<br>(tzmick@duanemorris.com)<br>DUANE MORRIS LLP<br>190 S. LaSalle Street, Suite 3700<br>Chicago, IL 60603<br>Telephone: (312) 499-6700<br>Facsimile: (312) 499-6701<br><br>***Attorneys for Defendant HireVue, Inc.*** |