UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTEN DEYERLER, *et al.*, <br> Plaintiffs <br><br> v. <br><br> HIREVUE, INC., <br> Defendant | No. 22 CV 1284 <br><br> Judge Jeremy C. Daniel |

ORDER

The defendant's motion to dismiss the second amended complaint [110] is denied. The defendant shall answer the second amended complaint on or before December 12, 2025.

STATEMENT

**Background**

Plaintiffs Kristen Deyerler, John Coleman, and William Phemister filed a second amended class action complaint alleging that defendant HireVue, Inc. ("HireVue") violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* (R. 94, the "SAC.")[1] HireVue moves to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim. (R. 110.) HireVue previously moved to dismiss the first amended complaint, which named a different group of plaintiffs. (R. 48.)[2] The Court granted HireVue's motion to dismiss the first amended complaint for failure to state a claim with respect to one set of claims but denied it as to all others. (R. 56.) The Court also denied HireVue's motion to dismiss that complaint for lack of personal jurisdiction. (*Id.*) HireVue then moved the Court to reconsider its denial of HireVue's motion to dismiss for lack of personal jurisdiction, which the Court denied. (R. 61; R. 70.)

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] Plaintiffs Deyerler and Phemister were named in the first amended complaint, but plaintiff Coleman was not. (R. 17.) Plaintiff Coleman presents allegations similar to those presented by former plaintiff Ellithorpe. (*See* R. 17 ¶ 35; R. 51 at 12–13.)

The Court assumes general familiarity with the claims and allegations. (*See* R. 56; R. 70.) Plaintiff Coleman, an Illinois resident, alleges that he applied for a job with Health Care Service Corporation (HCSC), a company with its principal place of business in Illinois. (R. 94 ¶¶ 11, 19; R. 111 at 12.) Coleman further notes, and HireVue admits, that HireVue signed a service agreement with HCSC related to HCSC's use of HireVue's interview platform. (R. 117 at 12; R. 111-2 ¶¶ 14–17.) That agreement lists HCSC's Illinois operating division as a "Buyer." (R. 111 at 10.) Coleman alleges that he interviewed for an Illinois-based position with Illinois-based HCSC using HireVue's platform in Illinois, communicated with HCSC's Illinois operating division, and that HireVue collected his biometric identifiers without his consent. (R. 94 ¶¶ 37–39.) Plaintiffs Deyerler and Phemister allege that they each used HireVue's interview platform in Illinois while applying for Illinois-based positions with Compass Group and Panda Express, respectively, resulting in collection of their biometric identifiers. (R. 94 ¶¶ 31–34, 41–44.) HireVue submitted declarations stating that HireVue also has agreements with Compass Group and Panda Express, but that neither company appears to be Illinois-based. (R. 111-2 ¶¶ 19–25.) The SAC alleges additional jurisdictional facts, including that HireVue has Illinois-based employees, has other Illinois-based customers, and has touted its support of other Illinois-based entities. (R. 94 ¶¶ 18 n.1, 19–20.)

The Court has already once rejected the positions raised in HireVue's present motion to dismiss for failure to state a claim, and twice rejected the positions raised in HireVue's present motion to dismiss for lack of personal jurisdiction. (R. 56; R. 70.) HireVue now advances largely the same arguments it raised in its prior attempts to obtain dismissal. (R. 49; R. 62; R. 67; R. 111.) The plaintiffs counter with similar arguments they presented in their previous responses. (R. 51; R. 66; R. 117.) HireVue failed to timely file a reply in opposition to the plaintiffs' response. (*See* R. 142.)

**Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2)**

A motion under Rule 12(b)(2) tests whether a court may exercise personal jurisdiction over a defendant. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Personal jurisdiction may be either general or specific. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Only specific personal jurisdiction is at issue here. (R. 117.) When an evidentiary hearing has not been held, a plaintiff must only make a *prima facie* case that a court may exercise personal jurisdiction over a defendant. *GoDaddy*, 623 F.3d at 423. A district court may weigh affidavits submitted by the parties, but factual disputes must be resolved in the plaintiff's favor. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

In this diversity action arising out of Illinois law, the exercise of personal jurisdiction is proper to the extent allowed by due process. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing 735 ILCS 5/2-209(c)). There are three "essential requirements" for the exercise of specific personal jurisdiction: (1) the defendant must

2

have "purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state"; (2) the plaintiff's injury must arise out of or relate to those "forum-related activities"; and (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (citing *Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012)).

As noted above, the Court has twice addressed and rejected HireVue's arguments. (*See* R. 56 at 3–8; R. 70.) For the same reasons stated previously, the Court concludes that plaintiffs Deyerler and Phemister have made a *prima facie* case for the exercise of personal jurisdiction over HireVue. (*Id.*) The Court reaches the same conclusion as to plaintiff Coleman for similar reasons. (*Id.*) HireVue executed a service agreement with and knowingly provided its interview platform to Illinois-based HCSC, resulting in the alleged collection of at least one plaintiff's biometric identifiers. (R. 94; R. 117 at 12; R. 111-2 ¶¶ 14, 16.) That is sufficient to establish that HireVue purposefully availed itself of the Illinois market or purposefully directed its conduct toward Illinois.[3] (R. 56 at 3–8; R. 70); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021); *GoDaddy*, 623 F.3d at 428–29. Next, Coleman's claim is related to HireVue's contacts with Illinois, as he alleges that he used HireVue's platform in Illinois to interview for an Illinois-based job with HCSC, resulting in collection of his biometric data without his consent. (R. 94 ¶¶ 37–39.) That is enough to establish that his claim arises out of or relates to HireVue's contacts with Illinois. (R. 56 at 3–8; R. 70); *Ford Motor Co.*, 592 U.S. at 371. Last, the Court concludes that the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice, and HireVue does not argue otherwise. (*See* R. 111.) Because the plaintiffs have established a *prima facie* case for the exercise of specific personal jurisdiction over HireVue, the Court denies HireVue's Rule 12(b)(2) motion to dismiss.

**Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff[s]." *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 807 (7th Cir. 2021) (citation omitted). The plaintiffs must set forth "adequate factual detail to lift [their] claims

---

[3] HireVue again argues that personal jurisdiction over HireVue cannot be predicated on the conduct of its third-party clients. (R. 111 at 13–16.) But this misses the mark, and the cases HireVue cites are distinguishable. HireVue, not its third-party clients, deliberately initiated contacts with and directed its conduct to Illinois when, for instance, it knowingly executed a service agreement with the Illinois operating division of Illinois-headquartered HCSC (R. 111-2 ¶¶ 13–17.) This is distinct from the unilateral activity of a third party that may otherwise fall short of demonstrating a defendant's sufficient minimum contacts with a forum state. *GoDaddy*, 623 F.3d at 428; Ford *Motor Co.*, 592 U.S. at 370-71.

3

from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678).

HireVue argues that the SAC should be dismissed because: (1) the plaintiffs' claims violate Illinois' extraterritoriality doctrine; (2) the SAC fails to allege that certain data qualifies as "biometric identifiers" under BIPA; (3) the claims are precluded by the Illinois Artificial Intelligence Video Interview Act; (4) Coleman's claims are barred by BIPA's "financial institution" exemption; and (5) the SAC fails to state a claim under BIPA subsections 15(a), (b), and (d). (R. 111 at 16–28.) HireVue raised each of these arguments, some almost verbatim, in its prior motion to dismiss the first amended complaint. (R. 49 at 14–27.) The Court rejected them. (R. 56 at 8–16.) The Court again observes that many of HireVue's arguments are fact-specific and generally not amenable for resolution at the motion to dismiss stage. For the same reasons previously stated, the Court denies HireVue's motion to dismiss under Rule 12(b)(6). (R. 56 at 8–16).

Date: November 21, 2025

JEREMY C. DANIEL
United States District Judge